[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 27.]

THE STATE EX REL. CONTINENTAL HOSE, APPELLANT, *v*. SWARTZ; BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *State ex rel. Continental Hose v. Swartz*, 2001-OHIO-125.]

*Workers' compensation—When Bureau of Workers' Compensation lacks jurisdiction to change date of disability, it cannot change the risk assignment.*

(No. 99-2078—Submitted March 27, 2001—Decided June 13, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1435.

————————————

*Per Curiam.*

{¶ 1} Claimant Minnie Swartz was diagnosed with an occupational disease on May 20, 1996. Claimant continued to work for her employer, appellant Continental Hose ("Continental"), until her condition eventually forced her from her job commencing on June 24, 1996.

{¶ 2} During this time, Continental was switching from state fund insurance to self-insurance. That process was completed on June 1, 1996. Claimant subsequently filed a workers' compensation claim, which was granted by appellee Ohio Bureau of Workers' Compensation and assigned to Continental's new self-insured risk number.

{¶ 3} In October, Continental sought a hearing to determine whether the claim should be assigned to its old state fund risk or its new self-insured risk. However, the Industrial Commission of Ohio asserted a lack of jurisdiction.

{¶ 4} Continental then moved to change the date of disability from June 24, 1996, to March 20, 1996, which preceded Continental's switch to self-insurance. The commission refused to amend the date of disability, and Continental did not appeal.

**{¶ 5}** On November 7, 1997, Continental asked the bureau for a hearing before its adjudicating committee on the risk-assignment question. The bureau responded that the risk was properly assigned based on the date of disability. Continental's continued letters to the bureau culminated in a formal order from the adjudicating committee that concluded:

"The adjudication of a dispute concerning the date of disability and the determination of the amenable employer in an occupational disease claim is a matter that falls within the authority of the Ohio Industrial Commission rather than the Bureau's Adjudicating Committee. In the instant case[,] the Industrial Commission has determined the date of disability and the claim has been correctly charged to the employer's self-insured policy, its coverage status on that date.

"Therefore, the employer's request for a hearing is denied as the Adjudicating Committee lacks authority to grant the requested relief."

**{¶ 6}** That order was administratively affirmed.

**{¶ 7}** Continental then commenced a mandamus action before the Court of Appeals for Franklin County, asserting that the bureau abused its discretion in assigning the claim to its self-insured risk, and in doing so without a hearing. The court of appeals denied the writ, prompting Continental's appeal to this court as of right.

**{¶ 8}** R.C. 4123.291 states:

"(A) An adjudicating committee appointed by the administrator of workers' compensation to hear any matter specified in divisions (B)(1) to (6) of this section shall hear the matter within sixty days of the date on which an employer files the request, protest, or petition.

"(B) An employer who is adversely affected by a decision of an adjudicating committee appointed by the administrator may appeal the decision of the committee to the administrator or his designee. The employer shall file the appeal in writing within thirty days after the employer receives the decision of the adjudicating

committee. The administrator or his designee shall hear the appeal and hold a hearing, provided that the decision of the adjudicating committee relates to one of the following:

"* * *

"(6) Any decision relating to any other risk premium matter under Chapters 4121., 4123., and 4131. of the Revised Code."

{¶ 9} Contrary to the bureau's representation, Continental clearly raised an issue under (B)(6) and was entitled to a hearing.  No hearing, however, occurred. The bureau alternatively argues that to return the matter for hearing at this point would be a vain and futile act.  This argument is persuasive.

{¶ 10} Continental does not dispute that the date of disability controls the risk assignment of an occupational disease claim.   The commission earlier established claimant's date of disability as June 24, 1996, after Continental had switched to self-insurance and Continental *did not appeal.*  Lacking jurisdiction to change the date of disability, the bureau is concomitantly powerless to change the risk assignment.  A return would indeed be pointless.

{¶ 11} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————

*Roetzel & Andress, Douglas E. Spiker* and *Noel C. Shepard*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee.

—————————